UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LANCE MILES FUNDERBURK,

            Plaintiff,

-against-

C.O. "JOHN" BARIONNETTE (#7739), *et al.*,

            Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/1/2024

1:19-cv-10365 (MKV)

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

      As the Court explained in detail in its most recent Order To Show Cause, dated December 12, 2023 [ECF No. 58 ("December 12, 2023 Order To Show Cause")], Plaintiff has failed to take any action to prosecute this case for several years, Defendant Appiah has never been served, and Plaintiff has not provided the Court with his current contact information, even though the Court warned Plaintiff that it is his responsibility to inform the Court when his contact information changes [ECF No. 9]. The Court has previously issued **four** Orders To Show Cause why this case should not be dismissed for failure to prosecute, and each order warned Plaintiff that failure to prosecute would result in dismissal [ECF Nos. 51, 53, 55, 58]. In the December 12, 2023 Order To Show Cause, the Court stated: "**If Plaintiff fails to file a letter on the docket on or before [January 11, 2024], this case will be dismissed for failure to prosecute**." December 12, 2023 Order To Show Cause (emphasis in original). To date, nothing has been filed.

      Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply

1

could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Court has carefully weighed all of these factors and concludes that dismissal is clearly appropriate. *See Hunter v. N.Y. State Dep't of Corr. Servs.*, 515 F. App'x 40, 41–44 (2d Cir. 2013). Plaintiff has failed to prosecute this case for several years, has failed to serve Defendant Appiah, and has failed to provide the Court with the means to communicate with Plaintiff. The Court has issued repeated warnings that this case might be dismissed and had previously warned Plaintiff of his obligation to update his contact information. There is no effective sanction short of dismissal available. The Court cannot move this case forward, and the case cannot continue to languish on the Court's docket. *See Baptiste*, 768 F.3d at 217; *Khan v. McElroy*, No. 13-cv-5043 (AJN), 2015 WL 3526973, at *3 (S.D.N.Y. June 4, 2015).

Accordingly, IT IS HEREBY ORDERED that this case is dismissed for failure to prosecute pursuant to Rule 41(b). The Clerk of Court respectfully is requested to close this case.

**SO ORDERED.**

Date: **February 1, 2024**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

2